UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONNARY TINA CHHIM,<br><br>　　　　　　　　　Petitioner,<br><br>　　　v.<br><br>DEBRA JOHNSON, Warden,<br><br>　　　　　　　　　Respondent. | Civil No.　13cv0961-LAB (KSC)<br><br>**ORDER:**<br><br>**(1) DISMISSING CASE WITHOUT PREJUDICE; and,**<br><br>**(2) NOTIFYING PETITIONER OF OPTIONS TO AVOID FURTHER DISMISSAL** |

　　　Petitioner is a state prisoner proceeding pro se with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Petitioner has neither paid the filing fee nor filed a request to proceed in forma pauperis, and the Petition is therefore subject to dismissal without prejudice for failure to satisfy the filing fee requirement.  In addition, although Petitioner indicates that she has presented claims 4-6 to the state supreme court, there is no indication that the remaining claims were presented to that court.  Accordingly, the Petition is also subject to dismissal as a "mixed" petition, that is, one containing both exhausted and unexhausted claims.  The Court will notify Petitioner of her options to avoid a future dismissal of a mixed petition.

### **FAILURE TO SATISFY THE FILING FEE REQUIREMENT**

　　　Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice.  See

1  Rule 3(a), 28 U.S.C. foll. § 2254.  If Petitioner wishes to proceed with this case, she must submit
2  a copy of this order along with the requisite fee or file a motion to proceed in forma pauperis no
3  later than **June 24, 2013**, to have the case reopened.

## MIXED PETITION

In addition, Petitioner has not alleged exhaustion of her state court remedies as to all claims presented in the Petition.  Although Petitioner indicates that she has presented claims 4-6 to the state supreme court, there is no indication that the remaining claims have been presented to the state supreme court.  (See Pet. at 3-14.)  If the Petition contains both exhausted and unexhausted claims, it is a "mixed" petition and subject to dismissal.  See Rose v. Lundy, 455 U.S. 509, 514, 520-21 (1982) (holding that "a district court must dismiss such 'mixed' petitions, leaving the petitioner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court.")

The exhaustion requirement is satisfied by providing the state courts with a "fair opportunity" to rule on Petitioner's constitutional claims.  Anderson v. Harless, 459 U.S. 4, 6 (1982).  In most instances, a claim is exhausted once it is presented to a state's highest court, either on direct appeal or through state collateral proceedings.[1]  See Sandgathe v. Maass, 314 F.3d 371, 376 (9th Cir. 2002).

To avoid the Court dismissing the Petition on its own accord once Petitioner satisfies the filing fee requirement and has the case reopened, Petitioner may choose one of these options.

**i) First Option:  Demonstrate Exhaustion**

Petitioner may file further papers with this Court to demonstrate that she has in fact exhausted claim 4.  If Petitioner chooses this option, her papers are due by **June 24, 2013**.

---

[1] 28 U.S.C. § 2254 (b)(1)-(2) states:
(b) (1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
  (A) the applicant has exhausted the remedies available in the courts of the State; or
  (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
 (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure to the applicant to exhaust the remedies available in the courts of the State.

### ii)  Second Option:  Voluntarily Dismiss the Petition

Petitioner may move to voluntarily dismiss her entire federal petition and return to state court to exhaust her unexhausted claims.  Petitioner may then file a new federal petition containing only exhausted claims.  See Rose, 455 U.S. at 510, 520-21 (stating that a petitioner who files a mixed petition may dismiss his petition to "return[] to state court to exhaust his claims").  If Petitioner chooses this second option, she must so inform the Court no later than **June 24, 2013**.

Petitioner is cautioned that any new federal petition must be filed before expiration of the one-year statute of limitations.  Ordinarily, a petitioner has one year from when her conviction became final to file her federal petition, unless she can show that statutory or equitable "tolling" applies.  Duncan v. Walker, 533 U.S. 167, 176 (2001); 28 U.S.C. § 2244(d).[2]  The statute of limitations does not run while a properly filed state habeas corpus petition is pending.  28 U.S.C. § 2244(d)(2); see Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  But see Artuz v. Bennett, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."); Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir. 2005) (holding that a state application for post-conviction relief which is ultimately dismissed as untimely was neither "properly filed" nor "pending" while it was under consideration by the state court, and therefore does not toll the statute of limitations), as

---

[2]  28 U.S.C. § 2244 (d) provides:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation under this subsection.

1 amended 439 F.3d 993. However, absent some other basis for tolling, the statute of limitations
2 continues to run while a federal habeas petition is pending. Duncan, 533 U.S. at 181-82.

### iii) Third Option: Formally Abandon Unexhausted Claims

Petitioner may formally abandon her unexhausted claims and proceed with her exhausted claims. See Rose, 455 U.S. at 510, 520-21 (stating that a petitioner who files a mixed petition may "resubmit[] the habeas petition to present only exhausted claims"). If Petitioner chooses this option, she must file a pleading with this Court no later than **June 24, 2013**.

Petitioner is cautioned that once she abandons her unexhausted claims, she may lose the ability to ever raise them in federal court. See Slack v. McDaniel, 529 U.S. 473, 488 (2000) (stating that a court's ruling on the merits of claims presented in a first § 2254 petition renders any later petition successive); see also 28 U.S.C. § 2244 (a)-(b).[3]

### iv) Fourth Option: File a Motion to Stay the Federal Proceedings

Petitioner may file a motion to stay this federal proceeding while she returns to state court to exhaust her unexhausted claims. There are two methods potentially available to Petitioner, the "stay and abeyance" procedure and the "withdrawal and abeyance" procedure.

If Petitioner wishes to use the "stay and abeyance" procedure she should ask the Court to stay her mixed petition while she returns to state court to exhaust. Under this procedure she must demonstrate there are arguably meritorious claim(s) which she wishes to return to state court to exhaust, that she is diligently pursuing her state court remedies with respect to those claim(s), and that good cause exists for her failure to timely exhaust her state court remedies. Rhines v. Webber, 544 U.S. 269, 277-78 (2005).

If Petitioner wishes to use the "withdrawal and abeyance" procedure, she must voluntarily withdraw her unexhausted claim(s), ask the Court to stay the proceedings and hold the

---

[3] 28 U.S.C. § 2244(b)(2) provides that a claim presented in a second or successive habeas corpus application under § 2254 shall be dismissed unless:
(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

fully-exhausted petition in abeyance while she returns to state court to exhaust, and then seek permission to amend her petition to include the newly exhausted claim(s) after exhaustion is complete. King v. Ryan, 564 F.3d. 1133, 1135 (9th Cir.2009). Although under this procedure Petitioner is not required to demonstrate good cause for her failure to timely exhaust, the newly exhausted claim(s) must be either timely under the statute of limitations or "relate back" to the claim(s) in the fully-exhausted petition, that is, they must share a "common core of operative facts" with the previously exhausted claim(s). King, 564 F.3d at 1141, quoting Mayle v. Felix, 545 U.S. 644. 659 (2005).

If Petitioner chooses this fourth option, she must file a pleading with this Court no later than **June 24, 2013**.

## CONCLUSION AND ORDER

This case is **DISMISSED** without prejudice due to Petitioner's failure to satisfy the filing fee requirement. If Petitioner wishes to proceed with this action she must pay the filing fee or file a motion to proceed in forma pauperis on or before **June 24, 2013**. In addition, the Court **NOTIFIES PETITIONER THAT SHE HAS FILED A PETITION THAT CONTAINS BOTH EXHAUSTED AND UNEXHAUSTED CLAIMS AND IT IS THEREFORE SUBJECT TO DISMISSAL**. If Petitioner fails to respond to this Order by choosing one of the options outline above by **June 24, 2013**, the Petition will be dismissed without prejudice on the basis that it contains both exhausted and unexhausted claims.[4] See Rose, 455 U.S. at 522. The Clerk of Court shall send Petitioner a blank Southern District of California in forma pauperis application along with a copy of this Order.

IT IS SO ORDERED.

DATED: April 24, 2013

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

[4] Although the dismissal is "without prejudice," Petitioner is again cautioned that any later federal petition may be barred by the statute of limitations. See 28 U.S.C. § 2244(d)(1)-(2); see also footnote two of this Order.